IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CORY YOUNG, also known as Corey Young, ) ) ) Plaintiff, ) ) v. ) ) FLOYD BONNER, Shelby County Sheriff, ) KIRK FIELDS, Chief Jailer, WELLPATH, ) and SHELBY COUNTY, TENNESSEE, ) ) Defendants. ) | No. 2:20-cv-02614-TLP-tmp  JURY DEMAND |

**ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE, DENYING LEAVE TO AMEND, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, DENYING LEAVE TO APPEAL IN FORMA PAUPERIS, NOTIFYING PLAINTIFF OF APPELLATE FILING FEE, AND RECOMMENDING THAT DISMISSAL BE TREATED AS A STRIKE UNDER 28 U.S.C. § 1915(g)**

In February 2021, the Court screened pro se Plaintiff Cory Young's[1] 42 U.S.C. § 1983 complaint ("Screening Order") under the Prison Litigation Reform Act, 28 U.S.C. § 1915A. (ECF No. 9.) The Court dismissed his complaint for failure to state a claim but granted him leave to amend. (*Id.*) As a result, Plaintiff amended his complaint. (ECF No. 13.)

---

[1] When Plaintiff first sued Defendants, the State of Tennessee ("State") was housing him at the Shelby County Jail in Memphis, Tennessee. (ECF No. 1 at PageID 2.) In January 2021, the State transferred him to Bledsoe County Correctional Complex ("BCCC") in Pikeville, Tennessee. (ECF No. 8.) But in April 2021, the United States Postal Service returned mail that the Clerk sent to Plaintiff at BCCC as undeliverable. (ECF No. 11.) Plaintiff's amended complaint suggests that the State is housing him at Trousdale Turner Correctional Center in Hartsville, Tennessee. (*See* ECF No. 13-1 at PageID 108.) The Court reminds Plaintiff of his obligation to update his mailing address with the Court in writing any time he moves to a new facility. Failure to do so may result in the Court dismissing the case for failure to prosecute without further warning.

Like Plaintiff's initial complaint, the amended pleading names as Defendants (1) Shelby County Sheriff Floyd Bonner, (2) Chief Jailer Kirk Fields, (3) Shelby County, and (4) Wellpath, the health care provider at the Shelby County Jail.  (ECF No. 13 at PageID 104–05.)  Plaintiff seeks "monetary relief" for his alleged injuries.  (*Id*. at PageID 107.)  In his amended complaint, Plaintiff adds some details to his original allegations about catching COVID-19 at Shelby County Jail ("SCJ").  (*Id.* at PageID 105–06.)  But in the end, nothing in Plaintiff's amended complaint alters the Court's findings in the Screening Order.  And so, the Court now **DISMISSES** the amended complaint **WITH PREJUDICE**.

## BACKGROUND

In April 2020, SCJ officers moved Plaintiff from a 20-inmate pod to a 50-inmate pod, where Plaintiff claims it was "impossible" to practice social distancing.  (ECF No. 13 at PageID 105.)  Defendants placed inmates "from [an]other facility" into the pod without testing them, presumably for COVID-19.  (*Id*.)  Plaintiff contends these inmates put him "in direct contact with the deadly virus."  (*Id*.)  Then in June 2020, Plaintiff tested positive for COVID-19.  (*Id*. at PageID 106.)  What is more, Plaintiff claims that Defendants did not provide hand sanitizer or antibiotic soap, and that they put him "in a cell for days at a time with no shower of medical treatment."  (*Id.*)

## LEGAL STANDARD

The Court's earlier Screening Order (ECF No. 9) set forth the legal standards for considering Plaintiff's claims under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).  That Screening Order also explained the requirements plaintiffs must meet to state a claim under 42 U.S.C. § 1983.  (*See* ECF No. 9 at PageID 78–79.)  So the Court does not repeat those standards here.

## ANALYSIS

**I.     Plaintiff's Official Capacity Claims / Claims Against Shelby County**

Plaintiff does not specify whether he sues Defendants in their official or individual capacities. (ECF No. 13 at PageID 105–06.) If Plaintiff seeks to sue Defendants in their official capacities, his amended complaint fails to state a claim against them or their employer, Shelby County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Like his original complaint, his amended complaint fails to allege that, while acting under a Shelby County policy or custom, Defendants acted with deliberate indifference about COVID-19's risks. Nor does he allege that a policy or custom violated his constitutional rights. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691–92 (1978); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). As a result, Plaintiff's amended complaint does not state a claim against Shelby County or against Defendants in their official capacities.

**II.    Plaintiff's Deliberate Indifference, Humane Conditions of Confinement, and Cruel and Unusual Punishment Claims**

Plaintiff also fails to state a claim for deliberate indifference, unconstitutional conditions of confinement, and cruel and unusual punishment. His amended complaint contends that "jail officials [had] knowledge of the potential risk of contraction of COVID-19." (ECF No. 13 at PageID 106.) He argues even more that Defendants did not allow him to "practice social distancing from February 2020 until June 22, 2020," and that this constituted "deliberate indifference and cruel and unusual punishment." (*Id.*) Plaintiff also complains that Defendants failed to provide him with hand sanitizer and antibiotic soap. (*Id.*)

These amended allegations echo the claims in Plaintiff's first complaint. (*See* ECF No. 1 at PageID 5 (arguing that Defendants exposed Plaintiff to "unsafe conditions and a[n] environment that they knew would cause the spread" of COVID-19).) But Plaintiff's amended complaint still fails to state a claim of deliberate indifference, unconstitutional conditions of confinement, or cruel and unusual punishment. In particular, Plaintiff fails to allege the Eighth Amendment's subjective component for each Defendant. Defendants' alleged "knowledge of the potential risk of contraction of COVID-19" at the SCJ does not show that any Defendant subjectively knew of a risk to Plaintiff specifically, let alone that Defendants disregarded that risk. (*See* ECF No. 13 at PageID 106.)

Plaintiff also fails to allege that, if Defendants had practiced social distancing or provided hand sanitizer and antibacterial soap, it would have kept him from contracting the virus. (*See id.*) Plaintiff's initial complaint had the same problems (*see* ECF No. 9 at PageID 83), and his amended allegations have not cured them. What is more, Plaintiff also fails to show that the hand sanitizer and soap he references were available at the Jail in the early months of the pandemic. (*See* ECF No. 13 at PageID 106); *Kesling v. Tewalt*, 476 F. Supp. 3d 1077, 1087–88 (D. Idaho 2020) (finding it was "not unreasonable for prison officials to refrain from requiring face masks in the early months of the pandemic," because access to them "was limited"); *Morrison v. Anderson*, 6:20-cv-01939-DCC-KFM, 2020 WL 8339934, at *3 (D.S.C. Nov. 16, 2020) (finding that correctional facility's failure to follow governmental COVID-19 mandates did not show deliberate indifference.)

In the end, during the early months of the pandemic, Plaintiff wanted SCJ officials to take additional COVID-19 precautions. But to make a claim under the Eighth Amendment, Plaintiff must show more. Just because Plaintiff wanted Defendants to take more health precautions, does

4

not mean that Defendants acted with a subjectively culpable state of mind. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). And according to Plaintiff's original complaint, Defendants' response to the pandemic included testing inmates and quarantining those who tested positive. (*See* ECF Nos. 1 at PageID 3; 13 at PageID 106.)

As a result, Plaintiff fails to allege that Defendants ignored known COVID-19 risks, or that Defendants acted with deliberate indifference towards an excessive risk to Plaintiff in particular. In the end, Plaintiff's renewed efforts to state a claim based on Defendant's response to the COVID-19 pandemic fails to state a claim under the Eighth Amendment.

The amended complaint also alleges that Defendants put Plaintiff "in a cell for days at a time with no shower." (ECF No. 13 at PageID 106.) This too fails to state a claim for relief. The Sixth Circuit has held that "deprivation of a shower and other personal hygiene items" for a short time is not actionable under the Eighth Amendment. *See Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (finding that deprivation of shower for six days did not violate the Eighth Amendment). And here, Plaintiff vaguely alleges that Defendants kept him from showering for "days at a time." (ECF No. 13 at PageID 106.) As in *Richmond*, depriving an inmate of a shower for a few days is "not actionable conduct." *See Richmond*, 450 F. App'x at 455. And so, Plaintiff's allegations that Defendants kept him from showering for "days at a time" fails to state a claim under § 1983.

As for Plaintiff's claims against WellPath, (*see* ECF No. 13 at PageID 104), his amended complaint names SCJ's health care provider as a Defendant but does not allege that the company had a policy or custom about treating SCJ inmates for COVID-19. Nor does he allege that it had a policy or custom that caused a constitutional violation here. *See Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (finding that, to bring a § 1983 claim against a company like WellPath,

a plaintiff must allege that the company had a policy or practice that violated the plaintiff's rights). For that reason, based on the record here, Plaintiff again fails to show the Eighth Amendment's subjective prong for WellPath.

And Plaintiff's claims against Shelby County fail for the same reasons. In short, the amended complaint does not identify an official Shelby County policy or custom that violated Plaintiff's constitutional rights. (*See* ECF No. 13 at PageID 105–06).

For all of these reasons, Plaintiff's amended complaint fails to state a claim for relief under the Eighth Amendment for any Defendant.

### III. Plaintiff's Inadequate Medical Care Claim

Plaintiff's renewed attempt to allege an inadequate medical care claim fails also. The amended complaint alleges that Defendants put Plaintiff "in a cell for days at a time with no . . . medical treatment for days at a time." (ECF No. 13 at PageID 106.)

But Plaintiff does not allege what medical treatment he needed or why he needed the treatment. As a result, he fails to allege a medical need that is serious enough for Eighth Amendment purposes. *See Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895–97 (6th Cir. 2004). Even if the Court liberally construes the amended complaint as referring to Plaintiff's COVID-19 "symptoms" (*see* ECF No. 1 at PageID 8), he does not make any factual allegations from which the Court may plausibly infer that his "symptoms" were a serious enough medical condition. *See Sarah v. Thompson*, 109 F. App'x 770, 771 (6th Cir. 2004) ("Not every ache and pain . . . involving some discomfort can support an Eighth Amendment claim." (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)). Plus Plaintiff's amended complaint does not identify which Defendants put him "in a cell for days at a time." (*See* ECF

No. 13 at PageID 106). Nor does he allege that any Defendant knew about and disregarded a serious medical need he allegedly had at that time.

For these reasons, Plaintiff's amended complaint still fails to state a claim to relief for inadequate medical care.

## AMENDMENT UNDER THE PLRA

The Court **DENIES** leave to amend under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid dismissal under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, et seq. (the "PLRA"). *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). In fact, the Sixth Circuit prefers "liberality" in allowing amendment at the screening stage under the PLRA. *Lucas*, 785 F. App'x at 292. And the Court has also stated "[i]f it is at all possible that the party . . . can . . . state a claim for relief, the court should dismiss with leave to amend." *Id.* (quoting *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011)).

Even so, the Court has already allowed Plaintiff to amend his complaint. And yet, he has still failed to state a claim for relief. So here, the Court finds that further amendment would be futile. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that . . . amending the complaint would be futile, then a sua sponte dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). For these reasons, the Court finds that it should not allow Plaintiff to amend his claims yet another time.

## APPELLATE ISSUES

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court also has to consider whether an appeal by Plaintiff here would be taken in good faith. *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). Under Rule 24(a), if the district

court permits a party to proceed in forma pauperis, that party may also proceed on appeal in forma pauperis without further authorization. That is, unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." Fed. R App. P. 24(a)(3)(A). If the district court denies pauper status, the party may move to proceed in forma pauperis in the Court of Appeals. Fed. R App. P. 24(a)(4)–(5).

The good-faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). And the test for whether a party appeals in good faith is if the litigant seeks appellate review of any issue that is not frivolous. *Id.* "It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis.*" *DePriest v. Prestress Servs., Inc.*, No. 13-2768-JDT-cgc, 2014 WL 1269933, at *1 (W.D. Tenn. Mar. 27, 2014) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)).

For the same reasons this Court dismisses Plaintiff's amended complaint for failure to state a claim, the Court finds that an appeal would not be taken in good faith. The Court therefore **CERTIFIES**, under Federal Rule of Appellate Procedure 24(a), that any appeal here by Plaintiff would not be taken in good faith. And the Court **DENIES** leave to proceed on appeal in forma pauperis. If Plaintiff appeals, he must pay the full $505 appellate filing fee or move for leave to appeal in forma pauperis with a supporting affidavit in the Sixth Circuit. *See* Fed. R. App. P. 24(a)(5).

## CONCLUSION

For the reasons explained above, the Court **DISMISSES** Plaintiff's amended complaint **WITH PREJUDICE** for failure to state a claim on which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). And the Court **DENIES** leave to amend, **CERTIFIES**

that any appeal here would not be taken in good faith, and **DENIES** Plaintiff leave to proceed in forma pauperis on appeal.

Because the Court **DISMISSES** this case with prejudice in its entirety, the Court will enter judgment. What is more, the Court recommends that the dismissal of this case be treated as a strike under 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir2021).

**SO ORDERED**, this 7th day of October, 2021.

                                         s/Thomas L. Parker
                                         THOMAS L. PARKER
                                         UNITED STATES DISTRICT JUDGE